# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. REMERY, CDCR-YA #90710,<br><br>Plaintiff,<br><br>vs.<br><br>REV. JAMES E. HENNING; J. HEARY; GARY PENROD,<br><br>Defendants. | Civil No.  07-0034 JM (NLS)<br><br>**ORDER TRANSFERRING CIVIL ACTION FOR LACK OF PROPER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION, PURSUANT TO 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a)** |

Plaintiff, formerly incarcerated at the West Valley Detention Center ("WVDC") in Rancho Cucamonga, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims that an administrative chaplain, a nurse supervisor and a San Bernardino County Sheriff discriminated against him after he was transferred to WVDC from the California Youth Authority, refused his requests for a religious diet, and denied him access to the courts in violation of the First and Eighth Amendments. (*See* Compl. at 2-5.) Plaintiff seeks injunctive relief as well as general and punitive damages. (*Id.* at 7.)

/ / /

/ / /

1  Plaintiff has not prepaid the $350 civil filing fee mandated by 28 U.S.C. § 1914(a), nor has he filed a Motion for Leave to Requesting to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a).

## I.

## Lack of Proper Venue

Upon initial review of the Complaint, the Court finds that Plaintiff's case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiff claims constitutional violations originally arising out of events which occurred at the West Valley Detention Center in Rancho Cucamonga, which is located in San Bernardino County. Moreover, all Defendants are alleged to reside in San Bernardino County; none are alleged to reside in San Diego or Imperial Counties. (*See* Compl. at 2.) Therefore, venue is proper in the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), but not in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

///

## II.

## Conclusion and Order

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall transfer this case for lack of proper venue, in the interests of justice and for the convenience of all parties, to the docket of the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).

DATED: January 17, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge